36437.   FITZGERALD MOTOR COMPANY, INC.
*v.* ROSS *et al.,* by Next Friend, etc.

DECIDED NOVEMBER 28, 1956.

*J. C. McDonald, McDonald & McDonald,* for plaintiff in error.
*Murphey Rogers, Clayton Jay, Jr., Jay, Garden & Jay,* contra.

QUILLIAN, J.   The defendant employer insists that the facts found by the director and the final award do not support the award in the case and the findings therein for the reason that there was no evidence that the deceased met with any accident or injury which arose out of and in the course of his employment. Mr. Bowman, office and assistant sales manager for Fitzgerald Motor Company testified that the company instructed the salesmen to collect past due accounts if they were going to be in the section where the buyer lived.   This was some evidence that the deceased was authorized to make collections for his employer and was thus within the scope of his employment.   Mrs. Jourdan, corroborated by her husband, testified that on the day of the collision the deceased stated that he could not have supper with them because he must go to a locality below Ocilla to collect for an automobile; and Mr. Jourdan testified that the deceased stated this was in connection with his "work"—that the deceased said he "had some work to do down below Ocilla to see a man about a car."

The defendant insists this testimony would be no evidence of the purpose of the deceased's trip because it was hearsay and could only prove that the statement was made by the deceased. With this contention we cannot agree.   Under the holdings of *Shirley* v. *State,* 168 *Ga.* 344 (148 S. E. 91) ; *Southern Ry. Co.* v. *Tudor,* 46 *Ga. App.* 563, 574 (5) (168 S. E. 98) ; and *Allstate Ins. Co.* v. *Phoenix,* 90 *Ga. App.* 619 (2) (83 S. E. 2d 335), as well as under Code § 38-302, the testimony was admissible to explain the conduct of the deceased in going in the direction of Ocilla, his presence at the place where the accident occurred, and his purpose in being there.   The accident occurred on the route which the deceased would take in going to Mr. Taylor's home.   Considering all the evidence adduced upon the trial, there was sufficient evidence to authorize the director's finding that the deceased's accident and injury arose out of and in the course of his employment.   The trial judge did not err in affirming the award of the single director.

*Judgment affirmed.   Felton, C. J., and Nichols, J., concur.*